UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re Damon Dyabre Smith, Sr., | Case No. 25-mc-50442 |
| | Honorable Robert J. White |

**ORDER DISMISSING MISCELLANEOUS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**

Damon Dyabre Smith, Sr. commenced this miscellaneous action through a self-styled "declaration of implied surety and rights of subrogation." (ECF No. 1). The declaration appears to be statement, on behalf of Smith's son's estate, disclaiming any responsibility for adhering to a state court order directing the payment of child support to the mother of Smith's son's child. (*Id.*, PageID.1). *See* Third Judicial Circuit of Michigan, Register of Actions, Case No. 23-154394-DS, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4029626 (last visited Apr. 30, 2025).

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[T]he pertinent inquiry after *Exxon* is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment . . ." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

The *Rooker-Feldman* doctrine applies to interlocutory state court orders as well. *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021). The doctrine bars a federal court from reviewing state court child support orders, even on constitutional grounds. *See Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) ("Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutional").

Since resolving this action would require the Court to "reject the state-court child-support order," the *Rooker-Feldman* doctrine precludes any consideration of the "declaration." *See Rouse v. Nessel*, No. 21-1630, 2022 U.S. App. LEXIS 19069, at *6 (6th Cir. Jul. 11, 2022); *see also Rowe v. City of Detroit*, No. 00-1353, 2000 U.S. App. LEXIS 28066, at *3 (6th Cir. Nov. 2, 2000) ("Because Rowe's complaint seeks federal court review of state court orders regarding child support, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction.").

Insofar as Smith "is disputing any of the specific terms of child support orders, or the actions that flow therefrom, he is entitled to raise those [objections] in the

appellate jurisdiction of Michigan state courts." *Lewis v. 22nd Jud. Cir. Ct.*, No. 25-10741, 2025 U.S. Dist. LEXIS 50428, at *4 (E.D. Mich. Mar. 19, 2025). Accordingly,

IT IS ORDERED that the "declaration of implied surety and rights of subrogation" is dismissed for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close this miscellaneous action.

Dated: May 1, 2025                                    s/ Robert J. White
                                                                                     Robert J. White
                                                                                     United States District Judge